O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEDAN BOYD, | ) | NO. CV 10-6764-CAS (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER:  DISMISSING PETITION |
| THE SUPERIOR COURT, COUNTY OF LOS ANGELES, | ) | WITHOUT PREJUDICE; AND DENYING |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |

    On September 10, 2010, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). On September 15, 2010, United States Magistrate Judge Margaret A. Nagle issued an Order Requiring Response, which, *inter alia*, stated that, if Respondent filed a Motion to Dismiss the Petition, "Petitioner shall file an Opposition to the Motion to Dismiss within thirty (30) days of service of the Opposition."  (September 15, 2010 Order at ¶ 6.)

    On November 15, 2010, Respondent filed a Motion to Dismiss Petition ("Motion") and lodged relevant portions of the state record ("Lodg."). Respondent argues that the Petition is unexhausted, because the sole claim alleged was not fairly presented to the California Supreme Court.

Pursuant to Magistrate Judge Nagle's Order, Petitioner's Opposition to the Motion was required to be filed by no later than December 15, 2010. Petitioner has neither filed an Opposition nor requested an extension of time to do so. Pursuant to Local Rule 7-12. Petitioner's failure to oppose the Motion could be deemed to constitute a consent to a grant of the Motion. The Court, however, need not rely on Local Rule 7-12 here, because the record makes plain that the Petition is unexhausted, and thus, the Motion should be granted.

**BACKGROUND**

On February 20, 2009, Petitioner was convicted of a narcotics offense and sentenced to a total of 11 years in state prison. (Petition at 2.) Petitioner appealed, and the California Court of Appeal affirmed his conviction. (*Id.* at 3; Lodg. Nos. 1-2.) Petitioner filed a petition for review in the California Supreme Court, and the state high court denied review without comment. (Petition at 3; Lodg. No. 3.)

In his opening brief on appeal, Petitioner raised a single claim, *to wit*, that "[t]he trial court abused its discretion by denying the Pitchess motion for discovery of confidential police personnel records." (Lodg. No. 1 at 7.) Petitioner cited only California decisions and statutes and did not raise any federal constitutional issue; instead, he argued only that the trial court had abused its discretion when it denied Petitioner's discovery motion. (Lodg. No. 1, *passim*.) Not surprisingly, the California Court of Appeal described the claim as contending that the trial "court abused its discretion in partially denying [Petitioner's] *Pitchess* motion," and its analysis focused only

on state law issues. (Lodg. No. 2 at 1, 6-9.) In his petition for review filed with the California Supreme Court, Petitioner again cited only California decisions and statutes and argued simply that the trial court's denial of the *Pitchess* motion had been an abuse of discretion. As in his prior briefing, Petitioner did not raise, or allude to, any federal constitutional issue. (Lodg. No. 3, *passim*.)

Petitioner alleges that he has not sought state habeas review.[1] (Petition at 3.)

The instant Petition presents a single claim. Petitioner contends that the trial court abused its discretion in denying his *Pitchess* motion. (Petition at 5.) In his attached nine-page supporting argument, Petitioner contends that federal due process required that he receive the *Pitchess* discovery he requested. (Petition attachment at 5-6.) Petitioner further argues that: at his preliminary hearing, he was deprived of his right to confront the testifying police officer (*id.* at 3-4); the prosecutor's failure to provide discovery prior to the preliminary hearing constituted a *Brady* violation[2] (*id.* at 4); the trial judge was biased in favor of the prosecution (*id.* at 7); and the trial court's ruling deprived Petitioner of his right to present a defense and a fair trial (*id.* at 8).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the electronic dockets for the California Court of Appeal and the California Supreme Court (available at http://appellatecases.courtinfo.ca.gov). Those records confirm that Petitioner has not filed *any* habeas action in either state court. Hence, the only mechanism by which Petitioner can have exhausted his claim is his above-described petition for review.

[2] <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963).

**DISCUSSION**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003)(*en banc*); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his

1  claim to a state supreme court having the power of discretionary
2  review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

4     To fairly present a claim to the California Supreme Court, the
5  petitioner must describe not only the operative facts but also the
6  federal legal theory on which the claim is based. *See* Duncan, 513 U.S.
7  at 365-66, 115 S. Ct. at 888; Davis v. Silva, 511 F.3d 1005, 1009 (9th
8  Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005).
9  "[T]he petitioner must have either referenced specific provisions of the
10 federal constitution or cited to federal or state cases involving the
11 legal standard for a federal constitutional violation." *Id.; see also*
12 Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 2081
13 (1996)("a claim for relief in habeas corpus must include reference to a
14 specific federal constitutional guarantee, as well as a statement of the
15 facts that entitle the petitioner to relief"); Lyons, 232 F.3d at 669-70
16 (a state prisoner "exhausts available state remedies only if he
17 characterized the claims he raised in state proceedings *specifically* as
18 federal claims")(emphasis in original). A petitioner has "fairly
19 presented federal claims only if he alerted the state court that his
20 claims rested on the federal Constitution." Fields, 401 F.3d at 1020-
21 21; *see also* Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir.
22 2005)("[a] petitioner must alert the state courts to the fact that he is
23 asserting a federal claim" and "must make the federal basis of the claim
24 explicit").

26    The Court has carefully examined the petition for review filed by
27 Petitioner. Nowhere in that petition for review did Petitioner make any
28 of his present federal due process, *Brady*, judicial bias, Confrontation

1  Clause, or right to present a defense claims.  The single abuse of
2  discretion claim he alleged asserted state law error only; Petitioner
3  cited only state statutes and cases, did not set forth a federal legal
4  theory, and did not reference -- directly or obliquely -- any federal
5  constitutional right allegedly violated by the denial of the discovery
6  in question.  Even if, *arguendo*, one or more of the California cases
7  cited by Petitioner discussed federal constitutional principles along
8  with state constitutional principles, this does not satisfy the fair
9  presentation requirement in view of Petitioner's failure to alert the
10 California Supreme Court that any federal constitutional claim was being
11 asserted.  "When a petitioner does not label his claim as federal, the
12 mere citation to a state court case that engages in both a state and
13 federal constitutional analysis does not suffice to exhaust the federal
14 claim."  Fields, 401 F.3d at 1022.

16    As the Ninth Circuit has explained:

18    For a federal issue to be presented by the citation of a state
19    decision dealing with both state and federal issues relevant
20    to the claim, the citation must be accompanied by some clear
21    indication that the case involves federal issues.  Where, as
22    here, the citation to the state case has no signal in the text
23    of the brief that the petitioner raises federal claims or
24    relies on state law cases that resolve federal issues, the
25    federal claim is not fairly presented.

27 Casey v. Moore, 386 F.3d 896, 912-13 n.13 (9th Cir. 2004)(finding no
28 fair presentation when a cited state case discussed both state and

federal issues, but the petitioner's brief made "no textual mention of a federal claim"). Here, although the petition for review cited numerous state court decisions, Petitioner nowhere indicated that they implicated any federal issue, much less that he had cited them for the purpose of presenting a federal issue.

Because Petitioner failed to indicate clearly to the California Supreme Court that his abuse of discretion claim involved any federal issue in addition to the state law claim he expressly raised, the federal claims now asserted in the Petition were not fairly presented. Accordingly, the Petition is unexhausted.

As the Petition is fully unexhausted, it must be dismissed without prejudice.[3] Rose, 455 U.S. at 522, 102 S. Ct. at 1205. Once Petitioner properly exhausts his federal claim(s), he may file a *new* habeas petition in this Court.[4]

For the foregoing reasons, IT IS ORDERED that: the Motion is GRANTED; the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for failure to

---

[3] As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

[4] The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions**. *See* 28 U.S.C. § 2254(d)(1). In view of the one-year limitations period, **Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief. **He further is advised that: the filing and pendency of this action does not toll the one-year limitations period, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will not relate back to the filing date of the current Petition.**

exhaust available state remedies.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: <u>January 4, 2011</u>.

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE